IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02524-PAB

DELANO MEDINA,

      Petitioner,

v.

JENNIFER HANSEN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER

Petitioner Delano Medina is a state prisoner incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Medina is serving prison sentences totaling 44 years after a jury convicted him of multiple offenses in case number 2014CR3044 in the District Court of Jefferson County, Colorado. Mr. Medina brings this habeas corpus action under 28 U.S.C. § 2254 to challenge the convictions. What remains for federal habeas review are the merits of two claims. After reviewing the application, the answer, and the state-court record, no basis for habeas relief has been shown. The Court therefore rejects each of Mr. Medina's remaining claims on the merits and denies the habeas application.

## I.      STANDARDS OF REVIEW

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a prisoner who challenges (in a federal habeas court) a matter 'adjudicated on the merits in State court' to show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wilson v. Sellers*, 584 U.S. 122, 124-25 (2018) (citing 28 U.S.C. § 2254(d)(1) and (2)).  Mr. Medina's remaining claims were adjudicated on the merits in state court.  As such, it is well-settled that "when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion[,] a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."  *Id.*  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  Mr. Medina bears the burden of proof under § 2254(d).  *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam).

Because Mr. Medina proceeds *pro se*, the Court liberally construes his filings, but will not act as his advocate.  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## II.    BACKGROUND

"In November 2014, Medina was charged with two counts of felony menacing, one count of possession of a weapon by a previous offender, and one count of attempted assault in the first degree - extreme indifference.  Seven habitual criminal counts were later added."  Docket No. 8-10 at 2.  "A jury convicted Medina of all charges.  The court adjudicated Medina a habitual criminal, and it sentenced him to forty-four years in the custody of the Department of Corrections (DOC)."  *Id.*

Multiple appeals and post-conviction proceedings followed.  What is relevant for purposes of this case is a post-conviction motion filed pursuant to Colo. R. Crim. P. 35(c), where Mr. Medina raised the two claims that remain for federal habeas review.  In the Rule

2

35(c) motion, Mr. Medina asserted (1) that he was constructively denied counsel in violation of the Sixth Amendment, and (2) that his trial counsel was ineffective for (a) failing to investigate and obtain exculpatory dash-camera footage and text messages, and (b) failing to communicate a favorable plea offer. *See* Docket Nos. 8-7 and 8-10. As will be discussed more fully below, the Colorado Court of Appeals ("CCA") rejected each of the claims, affirming the trial court's denial of Mr. Medina's 35(c) motion. Docket No. 8-10. The Colorado Supreme Court denied certiorari on July 22, 2024. Docket No. 8-11.

Mr. Medina initiated this action by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Docket No. 1. The § 2254 application initially asserted four claims, two of which have been dismissed on procedural grounds. *See* Docket No. 13. Two claims remain:

- Claim 1—the trial court forced Mr. Medina's counsel to proceed to trial even though he was unprepared, resulting in a constructive denial of counsel and violation of the Sixth Amendment. Docket No. 1 at 4-15; and

- Claim 4—trial counsel was constitutionally ineffective for (a) failing to investigate and obtain exculpatory dash-camera footage and text messages, and (b) failing to communicate a favorable plea offer. *Id.* at 19-20.

As relief, Mr. Medina asks the Court to grant unconditional habeas corpus relief, to reinstate "the five-year plea offer or provide a new trial," or to grant a conditional writ of habeas corpus. *Id.* at 22.

Respondents answered the petition, contending that the CCA's resolution of each claim was not contrary to, or an unreasonable application of, clearly established federal law, which bars habeas relief under § 2254(d)(1). *See* Docket No. 19. Respondents further argue that

the state court's decisions were not based on unreasonable factual findings, making relief unavailable under § 2254(d)(2).  *Id.*  In reply, Mr. Medina maintains that the state criminal proceedings violated his constitutional rights, requiring habeas relief.  *See* Docket Nos. 21, 26.

## III.  DISCUSSION

### A.  Claim 1: Constructive Denial of Counsel

Mr. Medina first claims that he was constructively denied counsel because the trial court forced his attorney to proceed to trial even though he admitted he was unprepared.  Docket No. 1 at 11-17.

#### 1.  CCA's rejection of the claim

The CCA rejected this claim, finding that the record did not show that counsel was totally absent or was altogether prevented from assisting Mr. Medina during a critical stage of the proceeding.  Docket No. 8-10 at 19.

> #### 3. Constructive Denial of Right to Counsel
> Medina first contends that he was constructively denied the right to counsel because the court forced him and his counsel to proceed to trial despite his counsel's acknowledged unpreparedness. Medina claims that his attorney could not "be a competent and effective advocate" because he admitted that he was unprepared the day before trial and the day of trial. He cites to counsel's statement, "I'm just simply not prepared" and "[i]f I have to go forward tomorrow, I can tell the court I cannot effectively represent him." Medina also cites his willingness to waive speedy trial under the UMDDA in order to have effective assistance of counsel, but that the court ultimately denied the continuance. Consequently, he argues, he "faced a jury with unprepared trial counsel."
>
> We first note that Medina fails to place his attorney's statement in its full context. The record shows that the prosecutor provided late discovery and that trial counsel requested a continuance because he needed additional time to review it. His statements of purported ineffectiveness were "simply [based on the fact] that [he] ha[d] not had the opportunity to go through all of the new discovery."
>
> Additionally, the record shows that the court remedied the situation by striking the three late-endorsed witnesses from testifying about the late discovery. And the portion of the new discovery not struck from the trial was comprised of witness

4

criminal histories that benefited Medina. *See People v. Rodriguez*, 914 P.2d 230, 300 (Colo. 1996) (incomplete record did not amount to an actual or constructive denial of counsel); *People v. Wolfe*, 9 P.3d 1137, 1144 (Colo. App. 1999) ("A defendant must establish specific prejudice that resulted from an incomplete record.").

Finally, trial counsel indicated in a letter to Medina after the trial that he did not believe that he had provided ineffective assistance.

Because Medina has not alleged facts that would support a claim his counsel performed deficiently or that he suffered prejudice by counsel who was either "totally absent or altogether prevented from assisting the defendant during a critical stage of the proceeding," *Rodriguez*, 914 P.2d at 299, we conclude that he has not established ineffective assistance under the two prongs of *Strickland*.

*Id*. at 17-19.

### 2. Application of § 2254

Respondents answer that the CCA's decision did not contradict or unreasonably apply binding Supreme Court precedent, and was not based on an unreasonable determination of the facts in light of the evidence presented, which spells the end of the claim under §§ 2254(d)(1) and (d)(2). The Court agrees.

The Sixth Amendment to the United States Constitution provides in pertinent part that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. This Sixth Amendment right includes the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). To establish a violation of the right to effective assistance of counsel, a criminal defendant must ordinarily demonstrate both deficient performance and that counsel's deficient performance resulted in prejudice to his defense. *Id*. at 687. However, when a criminal defendant has been constructively denied counsel, a court presumes that he or she has been prejudiced, and no showing of prejudice is required. *United States v. Cronic*, 466 U.S. 648, 659-60 (1984). In

*Cronic*, the Supreme Court identified three situations when the *Strickland* framework does not apply and prejudice will, instead, be presumed.  The first situation where prejudice is presumed is when the defendant is completely denied counsel at a critical stage of the trial.  *Id.* at 659.  The second situation occurs when counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.  *Id.*  In such instances, the adversary process itself becomes presumptively unreliable, and no specific showing of prejudice is required.  *Id.*  The third situation is when, although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial.  *Id.*  The third situation typically arises under circumstances that are so egregious that they inherently undermine the ability of counsel to provide effective assistance, such as the last-minute appointment of defense counsel in a complex case.  *Id.*  The Supreme Court has made clear that it is not enough to show that counsel failed to oppose the prosecution at specific points, rather "the attorney's failure must be complete."  *Bell v. Cone*, 535 U.S. 685, 697 (2002).  The Tenth Circuit has explained "that this exception to *Strickland* will apply only in the narrowest and rarest of circumstances."  *Hooks v. Workman*, 606 F.3d 715, 724 (10th Cir. 2010).

The CCA applied the governing Supreme Court precedent above and did so in a reasonable manner.  It rejected Mr. Medina's claim that he was constructively denied counsel based on the argument that trial counsel was unprepared to proceed to trial.  As the CCA explained, Mr. Medina's claim proceeded from a faulty premise: Counsel's "admission" that he was unprepared to proceed to trial—when placed in context—was based on his unfamiliarity with a limited amount of late-produced discovery.  But the trial court "remedied the situation by striking the three late-endorsed witnesses from testifying about the late discovery.  And the

6

portion of the new discovery not struck from the trial was comprised of witness criminal histories that benefited Medina."  Docket No. 8-10 at 18.  The state-court record refutes Mr. Medina's argument that he was completely denied counsel.  Trial counsel represented Mr. Medina in the case for eight months, successfully excluded part of the prosecution's untimely discovery, thoroughly questioned prospective jurors, struck jurors for cause, made multiple objections during the questioning of witnesses, cross-examined witnesses, and made an opening statement and closing arguments that conveyed Mr. Medina's theory of the case to the jury.  *See* Docket Nos. 19-4, 19-5, 19-6, and 19-7, Trial Trs. dated 8/11/2015, 8/12/2015, 8/13/2015, 8/14/2015.  As such, the CCA reasonably concluded that this was not the exceptional case where *Cronic* applied, that the legal standard articulated in *Strickland* applied, and that neither prong of *Strickland* had been met.  Mr. Medina fails to show that the decision was contrary to or an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d)(2).   Nor does Mr. Medina present clear and convincing evidence to rebut the presumption that the state court's factual findings were correct under § 2254(e)(1).  To the contrary, the state court record supports the CCA's findings.  Habeas relief is therefore not available.

### B.  Claim 4: Ineffective Assistance of Counsel

Mr. Medina claims that trial counsel was constitutionally ineffective for (a) failing to investigate and obtain exculpatory dash-camera footage and text messages, and (b) failing to communicate a favorable plea offer.  Docket No. 1 at 19-20.

A defendant in a criminal case has a Sixth Amendment right to the effective assistance of counsel.  *Strickland*, 466 U.S. 668.  To establish that counsel was ineffective, Mr. Medina must demonstrate both deficient performance and that counsel's deficient performance resulted

7

in prejudice to his defense. *Id*. at 687. If Mr. Medina fails to satisfy either prong of the *Strickland* test, the ineffective assistance of counsel claim must be dismissed. *Id.* at 697. In general, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id*. It is Mr. Medina's burden to overcome this presumption by showing the alleged errors were not sound strategy under the circumstances. *See id*.

The challenge of demonstrating counsel was ineffective is even greater for a state prisoner seeking federal habeas corpus review under § 2254(d). *See Harmon v. Sharp*, 936 F.3d 1044, 1058 (10th Cir. 2019). "When assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, [federal courts] defer to the state court's determination that counsel's performance was not deficient and, further, to the attorney's decision in how to best represent a client." *Id*. (internal quotation marks and brackets omitted). Thus, review under § 2254(d) is "doubly deferential." *See id.* "The question is whether *any* reasonable argument exists that counsel satisfied *Strickland's* deferential standard." *Id.* (citations and internal quotes omitted). "And because the *Strickland* standard is a general standard, a state court has . . . more latitude to reasonably determine that a defendant has *not* satisfied that standard." *Id.*

Under the prejudice prong, Mr. Medina must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Richter*, 562 U.S. at 112 (stating that "[t]he likelihood of a different result must be substantial, not just conceivable"). In determining whether Mr. Medina has established prejudice, the Court must look at the totality of the evidence and not just the evidence that is helpful to him. *See Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

8

***Claim 4(a).***  In this claim, Mr. Medina argues that trial counsel was constitutionally ineffective for failing to investigate and obtain exculpatory dash-camera footage and text messages.  The Court will set forth the CCA's decision and then discuss whether the requirements of § 2254 have been met.

### 1.  CCA's decision

The CCA rejected this claim, finding that counsel's performance was not deficient and that Mr. Medina suffered no prejudice from the claimed missteps.

> Medina next contends that trial counsel failed to conduct an adequate investigation by failing to obtain digital data (text messages and dash cam evidence) that "would have defeated the attempted assault charge and supported self-defense."
>
> But other than to state, in a conclusory fashion, that the digital data "would have defeated the attempted assault charge and supported self-defense," Medina has not explained how that data would have made a difference in the outcome of his case. Nor has he alleged any facts concerning what additional investigation should have been done or what it would have revealed. Thus, we discern no deficient performance by trial counsel.

Docket No. 8-10 at 21-22.

### 2.  Application of § 2254

Respondents contend the CCA reasonably concluded that Mr. Medina did not establish an ineffective assistance claim under *Strickland*, so habeas relief is unavailable under § 2254(d)(1).  Docket No. 20 at 18-20.  The Court agrees.

Mr. Medina's habeas application vaguely describes purported dash-cam footage and text messages.  Docket No. 1 at 19 (alleging that counsel was ineffective for failing "to retrieve the dash-camera video evidence of the encounter that would have substantiated Medina's claims of self-defense and defense of another.  Moreover, the text-messages would have given context to the state of mind of both Medina and Sears and show how the would-be-rapist and

9

kidnapper was defeated because we knew where he took Sears"). Mr. Medina's arguments boil down to a belief that his trial counsel should have done more. "But the question under *Strickland* is not whether counsel could have done more, but whether counsel's decision not to do more was '[objectively unreasonable] in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Turrentine v. Mullin*, 390 F.3d 1181, 1209 (10th Cir. 2004) (quoting *Strickland*); *Mora v. Williams*, 111 F. App'x 537, 550 (10th Cir. 2004) (unpublished) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different.") (citation and internal quotation omitted). Mr. Medina does not describe in any detail who possessed the dash-cam footage or text messages, that they were available to counsel, that they would have been admissible, and how they would have changed the outcome of the trial.

Moreover, Mr. Medina's arguments related to self-defense lack merit. As the CCA recognized, "the trial evidence established that Medina pursued the victim in a car and that during the pursuit, he fired his gun into the air[,]" and also that he would not have been entitled to a self-defense instruction under state law because he denied the underlying conduct. Docket No. 8-10 at 22-23. And there is no indication that text messages would have been helpful in giving context to the state of mind of Mr. Medina, his girlfriend, or the victim in the case—all of whom testified at trial and presented their versions of the encounters at issue. *See Anderson v. Attorney Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) ("Whether to raise a particular defense is one aspect of trial strategy, and informed strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong.") (quotes and citations omitted). Mr. Medina maintains that counsel should have done more and speculates about what the jury would have done. But such showings are

insufficient under *Strickland* and the more demanding standard required by § 2254.  *Stafford v. Saffle,* 34 F.3d 1557, 1564 (10th Cir. 1994) (recognizing that vague, speculative, and conclusory allegations will not satisfy a petitioner's burden under *Strickland's* prejudice prong).  Habeas relief will accordingly be denied.

**Claim 4(b).**  Mr. Medina's final claim argues that defense counsel was constitutionally ineffective for failing to communicate a favorable plea offer.  Docket No. 1 at 20.

### 1.  CCA's resolution of the claim

The CCA recognized that failing to communicate a plea offer would constitute deficient performance under *Strickland*.  Docket No. 8-10 at 19.  However, the CCA denied the claim, finding that there was no record of a plea offer ever having been made to Mr. Medina, and that Mr. Medina had failed to establish prejudice.  *Id.* at 20.  Specifically, the CCA stated that "the record shows that Medina decided to enter a not guilty plea because there were no pending plea offers, and he expressly told the court the day before trial that his "position has always been trial or dismissal, and it still is."  *Id.*

### 2.  Application of § 2254

There is no basis for federal habeas relief on this claim.  Mr. Medina does not show that the CCA's denial of the claim was contrary to, or an unreasonable application of, on-point Supreme Court precedent under § 2254(d)(1).  As the CCA explained, the record contains nothing to suggest that a plea offer was made to Mr. Medina.  *See Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.").  Mr. Medina does not point to anything in the record that establishes an offer

was made, or rebut this presumptively correct factual finding by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Even if there was a favorable plea offer that was not communicated to Mr. Medina, the CCA's no-prejudice finding was reasonable and supported by the record.  Specifically, Mr. Medina entered his not guilty plea based, at least in part, on there not being any plea offers from the prosecution.  Docket No. 14 (Hr'g Tr. dated 3/16/2015) (stating "he's going to enter a not guilty plea, and we'll just set it straight for the motions hearing because there's no offer on it").  And, on the day before trial, Mr. Medina stated the following: "My position has always been trial or dismissal, and it still is."  Docket No. 19-3 at 7, lines 15-16.  Therefore, the CCA's decision to deny this ineffective assistance of counsel claim was not unreasonable as required by § 2254(d)(1).  Likewise, Mr. Medina fails to rebut by clear and convincing evidence the presumption that the state-court's factual findings were correct.  28 U.S.C. § 2254(d)(2), (e)(1). Claim 4(b) will accordingly be denied.

## IV.    MOTIONS

Mr. Medina has filed a motion for an evidentiary hearing, a motion to schedule an evidentiary hearing, and a motion for funds to retain an expert witness to testify at the requested hearing.  Docket Nos. 27, 28, and 29.  The motions will be denied.

Because the Court has determined that the habeas application can be resolved based on the existing state-court record, an evidentiary hearing is not warranted.  *Torres v. Mullin,* 317 F.3d 1145, 1161 (10th Cir. 2003) ("Because Mr. Torres' claims are capable of resolution on the record, the district court did not abuse its discretion in denying him an evidentiary hearing."); *see also* Rules Governing Section 2254 Cases in the United States District Courts, Rules 8(a) and 8(c).  Additionally, Mr. Medina does not claim that either of the narrow

12

exceptions in 28 U.S.C. § 2254(e)(2)(A) apply, or that the new evidence sought to be developed at an evidentiary hearing will establish his innocence by clear and convincing evidence. *Shinn v. Ramirez*, 596 U.S. 366, 367 (2022) ("If a prisoner has failed to develop the factual basis of a claim in State court proceedings, a federal court shall not hold an evidentiary hearing on the claim unless the prisoner satisfies one of two narrow exceptions, see 28 U.S.C. § 2254(e)(2)(A), and demonstrates that the new evidence will establish his innocence by clear and convincing evidence, § 2254(e)(2)(B).") (quotations omitted).  Finally, it is not necessary to grant funds for an expert witness to testify because an evidentiary hearing to expand the record will not occur.  For these reasons, the motions will be denied.

## V.    CONCLUSION

Mr. Medina points to nothing from the state criminal proceedings that qualifies as the sort of extreme malfunction in the state criminal justice system that § 2254 guards against. *See Richter*, 562 U.S. at 102.

It is therefore

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Docket No. 1] is DENIED and this case is DISMISSED WITH PREJUDICE.  It is further

ORDERED that Mr. Medina's motions, Docket Nos. 27, 28, and 29, are DENIED.  It is further

ORDERED that leave to proceed *in forma pauperis* on appeal be DENIED WITHOUT PREJUDICE to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is further

ORDERED that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) will not

13

issue because Mr. Medina has not made a substantial showing of the denial of a constitutional right.

DATED June 10, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge