IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02524-PAB

DELANO MEDINA,

      Petitioner,

v.

JENNIFER HANSEN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

# ORDER

---

Petitioner Delano Medina challenged his 44-year state sentence on four grounds in this habeas corpus action under 28 U.S.C. § 2254. After dismissing two claims on procedural grounds, the Court denied Mr. Medina's remaining claims on the merits and entered final judgment. Docket Nos. 13, 30, 31. The matter now comes before the Court on six post-judgment motions filed by Mr. Medina. Docket Nos. 32, 33, 34, 35, 41, and 45. For the reasons below, each motion will be denied.

## I.    BACKGROUND

Mr. Medina initially challenged his conviction on four grounds. Two claims were dismissed on procedural grounds. Docket No. 13. The remaining claims alleged that Mr. Medina was constructively denied counsel under *United States v. Cronic* (claim 1), and that his trial counsel was ineffective for (a) failing to investigate and obtain exculpatory dash-camera footage and text messages, and (b) failing to communicate a 5-year plea offer (claims 4(a) and 4(b)). On June 10, 2025, this Court denied both

claims, applying the exacting standard Congress prescribed in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* Docket No. 30.  Final judgment entered that same day.  Docket No. 31

Mr. Medina appealed the order and final judgment to the United States Court of Appeals for the Tenth Circuit, which has abated the appeal pending this Court's resolution of his Motion to Amend (or Make Additional) Findings made pursuant to Fed. R. Civ. P. 59(e).  *See* Docket No. 39 at 1.  In addition to the motion to amend, Mr. Medina has filed five motions that the Court retains jurisdiction to consider.[1]  Docket Nos. 33, 34, 35, 41, and 45.  The motions will be analyzed in turn and denied for the reasons that follow.

## II.    ANALYSIS

### A.    Rule 59(e) Motion to Amend (Docket No. 32)

Mr. Medina seeks to amend the Court's findings under Fed. R. Civ. P. 59(e), making two arguments.  Docket No. 32.  First, he argues the Court incorrectly characterized the allegations supporting claim 4(a) as "vague."  *Id.* at 2.  According to Mr. Medina, the allegations supporting the claim provided detailed information about the dash camera being held by the Denver Police Department, including an inventory logout and specific exhibit references.  *Id.* at 2-3.

Second, Mr. Medina argues that, in denying claim 4(b), the Court incorrectly found there was no plea offer made to him.  *Id.* at 2-6.  He cites transcripts from a

---

[1] "Although filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal, the district court retains jurisdiction over collateral matters not involved in the appeal."  *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998).

motions-hearing showing the prosecutor, Ms. Knowles, conveyed a 10-year plea offer to defense counsel, Mr. Gillio. *Id.* at 3-6. Mr. Medina argues that this demonstrates a clear 10-year plea offer existed, contrary to the Court's order denying his ineffective assistance of counsel claim. *Id.* The success of Mr. Medina's arguments will turn on whether he has satisfied the demanding standard for relief under Rule 59(e).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A Rule 59(e) motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Mr. Medina's motion is being made pursuant to Rule 59(e) and was filed within twenty-eight days after judgment entered. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider filed within time limit for filing a Rule 59(e) motion should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion should not revisit issues already addressed or advance arguments that could have been raised previously. *Id*. Mr. Medina has not met Rule 59(e)'s demanding standard for relief.

Mr. Medina's first argument is directed at the denial of claim 4(a), where he alleged that trial counsel should have obtained dash-camera footage and text messages to support his self-defense theory.  Docket No. 30 at 9-11.  The Court denied the claim because Mr. Medina did "not describe in any detail who possessed the dash-cam footage or text messages, that they were available to counsel, that they would have been admissible, and how they would have changed the outcome of the trial."  *Id.* at 9.  For these reasons, the Court found the Colorado Court of Appeals (CCA) was reasonable in concluding that Mr. Medina had not explained how the evidence would have changed anything—especially since the trial evidence showed Mr. Medina pursuing the victim in a car while firing his gun into the air, conduct that wouldn't support a self-defense instruction under state law.  *Id.* at 10-11.

Mr. Medina's Rule 59(e) does not address the substantive reasons the Court denied this claim.  The claim was denied because the state court reasonably found no *Strickland* violation.  Mr. Medina myopically focuses on the Court's characterization of his pleading.  But that observation was just one piece of a much larger puzzle.  The real problem—which Mr. Medina does not address—is that he failed to show the evidence was available, admissible, or outcome-determinative.  More fundamentally, the state court reasonably concluded that dash-camera footage and text messages could not salvage a self-defense claim when the evidence showed Mr. Medina chasing his victim while firing a gun into the air.  That is not self-defense under any reasonable interpretation of state law.  Therefore, relief under Rule 59(e)'s is not warranted.

Second, Mr. Medina argues the Court made a manifest error of fact and law in concluding that no plea offer was made to him.  Docket No. 32 at 3.  As support, he

4

points to the following portion of a motions-hearing transcript where the prosecutor, Ms. Knowles, discusses a 10-year plea offer that was made and rejected:

> MS. KNOWLES: I just have one final thing, Your Honor. Pursuant to *Lafler* and *Frye*, we were slightly delayed with some last-minute negotiations before starting trial (sic), I would just put on the record that I conveyed an offer to Mr. Gillio wherein the defendant would plead guilty to original Counts 1, 2, and 3, and stipulate to a ten-year DOC sentence. In the alternative we offered a stipulation to consecutive sentencing among those counts. Those offers were rejected and we remain set for trial.
>
> MR. GILLIO: That's accurate.

Docket No. 20, 36:11-20.

Mr. Medina's second argument has more superficial appeal, but ultimately fails for similar reasons.  In his post-conviction appeal to the CCA, Mr. Medina argued that an evidentiary hearing was required "on whether trial counsel was ineffective in failing to properly communicate a plea offer to Medina before it expired[.]"  Docket No. 8-7 at 33. More precisely, he argued in his opening brief to the CCA that "[t]rial counsel told him prior to trial that previously there was a **five-year** plea offer in exchange for pleading guilty to menacing and possession."  *Id.* (emphasis added).  Mr. Medina further argued as follows: "If I had been told about this **five-year** plea offer for menacing and possession before, I would have accepted it."  *Id.* (emphasis added).  It was this claim of a 5-year plea offer that the CCA rejected, finding there was no record of such an offer. Docket No. 8-10 at 20-21.  And it was this claim of a 5-year plea offer not being communicated that was presented in Mr. Medina's § 2254 application.  *See* Docket No. 1 at 20 (alleging that "Gillio failed to inform Medina of a five-year plea offer" and that there "is a reasonable probability that neither the prosecution nor the trial court would have prevented the five-year offer from being accepted").

5

It is against this backdrop that the Court's order denying habeas relief must be read.  The claim Mr. Medina presented to the CCA—and subsequently to this Court in his § 2254 petition—concerned counsel's alleged failure to communicate a *5-year* plea offer.  The state court reasonably found no evidence of such an offer in the record. Under *Wilson v. Sellers*, 584 U.S. 122 (2018), this Court's task was to review that specific determination and defer to it if reasonable. The state court's conclusion was entirely reasonable given the absence of any record evidence supporting the existence of a 5-year plea offer.  Although the Court's order did not state that the record contains no evidence that a 5-year plea offer was made to Mr. Medina, the fact remains that there is no record support for the ineffective assistance of counsel claim that Mr. Medina presented to the CCA and in his § 2254 application because both claims were based on an alleged 5-year plea offer.  *See Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.").

Mr. Medina's attempts to substitute an entirely different claim violates basic rules of federal habeas practice.  Mr. Medina cannot raise new claims in federal court that were never presented to the state courts.  Fair presentation "require[s] a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  "[M]ere similarity of claims is insufficient to exhaust."  *Duncan v. Henry*, 513 U.S. 364, 366 (1995).  A claim about an uncommunicated 5-year plea offer is not "the same claim" as one about a 10-year offer discussed in front of the defendant.  Thus, to the extent Mr. Medina seeks to press a

6

claim that trial counsel was ineffective for failing to communicate a 10-year plea offer, the claim is unexhausted because he is urging upon the federal courts a different claim than was presented to the state courts.[2]

And Mr. Medina first raised the "10-year-plea-offer claim" via his traverse. But a federal habeas petitioner cannot use a traverse to interject claims that were not in the original petition. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief.").

Finally, the claim that Mr. Medina did present in state court and in his federal habeas petition—that his lawyer failed to tell him about a *5-year* plea offer—still fails the prejudice prong of *Strickland*. As the Court's order stated: "Even if there was a favorable plea offer that was not communicated to Mr. Medina, the CCA's no-prejudice finding was reasonable and supported by the record." Docket No. 30 at 12. After the 10-year plea offer was discussed on the record—with Mr. Medina present—he made his position crystal clear. On the day before trial, and less than a month after Ms. Knowles's statements about the 10-year plea offer, Mr. Medina asked to address the court. Docket No. 19-3 at 7:11 ("Judge, may I say one thing?"). After the court invited him to speak, Mr. Medina stated as follows: "My position has always been trial or

_____

[2] Even if Mr. Medina had properly exhausted and presented this claim in his habeas application, the claim that trial counsel was ineffective for failing to communicate a 10-year plea offer lacks any merit. Mr. Medina was present at the July 16 hearing where Ms. Knowles stated on the record that the prosecution had made a 10-year plea offer that was rejected. Docket No. 20, 2:7-8 ("Jeff Gillio appearing with Mr. Medina. He appears in custody today."). Thus, the contention that Mr. Medina did not know about the plea offer because his counsel failed to inform him about it is unfounded and contradicted by the record. And, as discussed below, after the July 16 hearing Mr. Medina made it clear that he was not interested in accepting a plea offer.

dismissal, and it still is." Docket No. 19-3 at 7:15-16. That statement forecloses any claim that he would have accepted a plea offer—5-year or 10-year—if properly informed. Thus, Mr. Medina does not show that the Court made any error in concluding that the CCA was reasonable in denying this ineffective assistance of counsel claim.

### B.    Rule 60(b)(3) Motion (Docket No. 34)[3]

Mr. Medina argues that the state's attorney, Patrick A. Withers, committed fraud on the court by falsely claiming there was no plea offer, when the state-court record clearly shows otherwise. Docket No. 34 at 2. Mr. Medina again faces an exacting standard for relief under Fed. R. Civ. P. 60(b).

Rule 60(b)(3) provides relief for fraud, but the bar is set high. "When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996). Fraud on the court is narrowly construed and applies only to the most severe forms of wrongdoing, such as bribery of a judge, fabrication of evidence, or other deliberate schemes to corrupt the judicial machinery itself. *Id.* It does not encompass fraud between parties, false statements, or perjury unless they directly subvert the impartial functions of the court. *Id.*

Mr. Withers's brief accurately stated that there was no record of the specific 5-

---

[3] Because the motion is being denied, the Court has jurisdiction to rule despite the pending appeal. "Although [the district court] lacked jurisdiction to *grant* the Rule 60(b)(2) motion due to the appeal in No. 88–2575, the court was free to consider the motion, and the court could then either deny it on the merits, or the court could have notified us of its intention to grant the motion upon proper remand." *Aldrich Enterprises, Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir. 1991) (emphasis in original).

year plea offer that formed the basis of Mr. Medina's claim. That statement was true then and remains true now. The existence of a different 10-year offer does not transform accurate advocacy into fraud. Mr. Medina fails to establish that the arguments made in the answer filed by Mr. Withers amount to fraud on the court. The motion will therefore be denied.

### C.    Motion for Sanctions (Docket No. 45)

Mr. Medina's motion for sanctions rehashes the argument that "Patrick Aloysius Withers filed a written Response, stating that there was no plea offer of any kind. This is not true and is a knowingly misstatement of fact." Docket No. 45 at 2. For the reasons just discussed, the arguments made by Mr. Withers in the state's answer brief do not amount to a knowing misstatement of fact. Mr. Medina's motion for sanctions will therefore be denied.

### D.    Certificate of Appealability (Docket No. 33)

The application for a certificate of appealability generally argues that the denial of Mr. Medina's habeas petition raises substantial constitutional questions about ineffective assistance of counsel that merit appellate review, particularly given the transcript discussing the 10-year plea offer. Docket No. 33 at 2-4.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)(A). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a

habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

The Court's rulings were straightforward applications of well-established law. The Court therefore finds that jurists of reason would not find that the underlying § 2254 petition states a valid claim of the denial of a constitutional right, nor would jurists of reason find it debatable whether the Court's procedural rulings were correct.  As such, the Court declines to issue a COA.

### E.    Motion to Proceed in Forma Pauperis on Appeal (Docket No. 35)

To be granted leave to proceed *in forma pauperis* (IFP) on appeal, "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

While Mr. Medina may satisfy the financial requirement, he has failed to present any reasoned argument supporting his appeal.  His motion identifies only a single issue—"Denial of constitutional effective counsel with regard to plea offer"—without any legal analysis or factual development.  Mere disagreement with adverse rulings does not constitute a nonfrivolous legal argument.  Because he fails to present a reasoned, nonfrivolous argument on the law and facts to support the issues to be raised on appeal, leave to proceed IFP on appeal will be denied without prejudice.

**F.     Renewed Motion for Appointment of Counsel (Docket No. 41)**

Mr. Medina seeks appointed counsel but has not used the required court form or shown that counsel is warranted under the applicable standards.  *See* D.C.Colo.LCivR 5.1(c) ("If not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website.").  He does not establish that his claims have merit, that the nature of the factual issues involved in the case require counsel, that he is unable to present the claims himself, or that the legal issues being raised are so complex that counsel is needed.  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).  The motion for counsel will be denied without prejudice.  Mr. Medina may renew his request with the Tenth Circuit.

**III.     CONCLUSION**

For the foregoing reasons, it is therefore

**ORDERED** that Mr. Medina's Motion to Amend (Or Make Additional) Findings [Docket No. 32], Application for Certificate of Appealability [Docket No. 33], Rule 60(b)(3) Motion for Relief from Final Order [Docket No. 34], and Motion and Notice of Motion for Sanctions Under Rule 11 [Docket No. 45] are **DENIED**.  It is further

**ORDERED** that Mr. Medina's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (PLRA Form) [Docket No. 35] is **DENIED WITHOUT PREJUDICE** to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is further

**ORDERED** that Mr. Medina's Renewed Motion for Appointment of Counsel [Docket No. 41] is **DENIED WITHOUT PREJUDICE** to the filing of a motion seeking the

11

appointment of counsel on appeal in the United States Court of Appeals for the Tenth Circuit.  It is further

　　　　**ORDERED** that the Clerk of Court shall supplement the preliminary record as directed by the Tenth Circuit and in accordance with Tenth Circuit Rule 3.2(B).

　　　　DATED September 15, 2025.

　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　PHILIP A. BRIMMER
　　　　　　　　　　　　Chief United States District Judge